UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MIKE LUCKENBILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-096 CAN |
| | ) | |
| TEXTRON FASTENING SYSTEMS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

Plaintiff filed this action on November 12, 2004. On May 31, 2005, Defendant filed a motion for sanctions, which this Court denied on June 2, 2005. On June 7, 2005, Defendant filed a motion for reconsideration of this Court's June 2, 2005 order. For the following reasons, Defendant's motion for reconsideration [Doc. No. 23] is **DENIED**.

**I.     RELEVANT BACKGROUND**

On November 12, 2004, Plaintiff filed this action in the Fulton County Circuit Court alleging that Defendant wrongfully discharged Plaintiff in retaliation for Plaintiff filing a worker's compensation claim. On April 28, 2005, this Court issued a scheduling order establishing the deadlines for various matters in this case. Pursuant to the scheduling order, parties were to exchange their Fed. R. Civ. P. 26(a)(1) initial disclosures by May 12, 2005. After Plaintiff failed to provide his initial disclosures, Defendant filed a motion for sanctions on May 31, 2005. In its motion, Defendant requested that pursuant to Fed. R. Civ. P. 16(f), this Court award it attorney's fees. Defendant also requested that this Court dismiss Plaintiff's complaint for his failure to comply with this Court's scheduling order. On June 1, 2005, Plaintiff served his initial disclosures on Defendant.

Since Defendant requested that the complaint be dismissed, a sanction which Rule 16(f) allows by incorporating the possible sanctions enunciated in Fed. R. Civ. P. 37, on June 2, 2005, this Court denied Defendant's motion for sanctions for noncompliance with N.D. L.R. 37.1. Furthermore, this Court held that it was premature to dismiss Plaintiff's complaint without fully developing a record of continued discovery violations.

On June 7, 2005, Defendant filed a motion for reconsideration of the June 2, 2005 order, stating that this Court had misconstrued Defendant's motion as a Rule 37 motion. Rather, Defendant asserts that it is entitled to fees under Rule 16(f). On June 16, 2005, this Court issued an order to show cause ordering Plaintiff to show cause as to why attorney's fees should not be imposed for his failure to timely serve his initial disclosures. Plaintiff responded to the order to show cause on June 24, 2005. This Court may rule on Defendant's motion for reconsideration pursuant to the parties' consent and 28 U.S.C. § 636(c).

## II.   APPLICABLE LAW AND ANALYSIS

Fed. R. Civ. P. 16(f) states:

> if a party...fails to obey a scheduling or pretrial order...the judge...may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party...to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Defendant's motion, although citing Rule 16(f), in effect requested a sanction that was available under Rule 37. Thus, because Defendant's motion did not comply with this Court's local rules regarding Rule 37 motions, this Court denied Defendant's motion. However, Defendant contends that its motion was not a Rule 37 motion, but rather a Rule 16(f) motion. In its motion

2

for reconsideration, Defendant acknowledges that Plaintiff has since provided his initial disclosures, but suggests that even if dismissal is not proper, Defendant is still entitled to its attorney's fees under Rule 16(f).

Defendant would be entitled to its attorney's fees under Rule 16(f) unless this Court finds that the noncompliance was substantially justified or that other circumstances exist which would make the award unjust. After reviewing Plaintiff's response to the order to show cause, this Court is convinced that the circumstances do not warrant the imposition of sanctions at this time because Plaintiff's delay was not egregious. While this Court does not encourage untimely discovery disclosures, Plaintiff has since served his initial disclosures. Defendant has not articulated any prejudice that has resulted from Plaintiff's three week delay in providing the disclosures. Furthermore, it appears that Plaintiff verbally disclosed the required information early in the litigation process. Although Plaintiff did not provide the written documentation in a timely manner, Defendant cannot argue that the disclosures unfairly or prejudicially surprised it when it was on notice as to what Plaintiff's initial disclosures would be.

In addition, it also appears that Defendant did not attempt to notify Plaintiff before it filed its motion for sanctions. While notification is not required, this Court agrees with Plaintiff that prior notification would have been the preferred course of action. Because this Court encourages parties to attempt to resolve discovery disputes before requesting this Court's intervention, this Court concludes that the circumstances surrounding Defendant's motion for sanctions would make it unjust to award Defendant its attorney's fees.

**III.**   CONCLUSION

For the aforementioned reasons, Defendant's motion for reconsideration [Doc. No. 23] is **DENIED**.

**SO ORDERED.**

Dated this 28th Day of June, 2005.

s/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge